Turley, J.
delivered the opinion of the court.
This is an action of assumpsit, brought by the Union Bank against Josiah Spurlock, as the endorser of a bill of exchange, drawn by L. A. Kincannon, and made payable at the Branch of the Farmers’ Bank of Virginia, at Winchester, at six months.
The bill at maturity was dishonored, but no notice thereof was ever communicated, so far as appears from the proofin the case, to Josiah Spurlock, the endorser. This being the case, he was clearly not legally responsible for the payment of the bill as endorser; but it is sought to charge him upon an admitted liability on his part.
Upon this point the proof shows, that after the dishonor of the bill, Andrew F. Goff, the Attorney of the Bank, called upon Josiah Spurlock with this bill, and another of the same amount against him as drawer; that Spurlock paid the last bill in negroes; that Goff informed him, that he was liable as endorser upon the other bill, and that he agreed that a surplus of $140, remaining after the payment of the bill of which he was drawer, might be endorsed upon the other, and acknowledged his liability. In further conversation with Goff, Spurlock said, one Wooden was responsible before him on the bill; talked something of paying it in negroes, and looking to Wooden for it; but ultimately said, as Wooden was responsible first, he would not do it. Is this proof sufficient to sustain an action against an endorser, upon an express promise to pay, unless he had notice, that he was legally discharged? We think not.
The law upon this point, is well understood, having been ex *337 pounded, not only by Foreign Courts, but by our own; and it would be useless now to reiterate the reasoning upon it: let it suffice, that it is held, that if an endorser, with full and complete knowledge of his discharge, promise to pay, he shall be held to his promise. But this will not be done, if the promise be made under a mistake or misapprehension of the facts, or as to the law of his liability upon them. In other words, if an endorser believe facts to exist which charge him, which do not exist, or if he believe facts, which do exist, charge him, which do not charge him, and in a misapprehension as to the operation of the law upon his case, thus supposed, promise to pay, he will not 'be held to his promise.
How does, this principle apply to the present case?
Did Spurlock with a full knowledge, that he was legally discharged from his liability as endorser of the bill sued on, promise to pay it? We think not.
When men are to be charged upon promises made to pay a debt from which the law has freed them, there must be satisfactory proof to show, that the promise was made with a knowledge of the discharge: it will not be left to surmise.
In the case under consideration, the admission of liability and part payment, were made under peculiar circumstances. The Attorney of the Bank had called for payment of two bills, one' drawn by Spurlock, for which he was clearly responsible, the other endorsed by him, from which he was, from aught that appears, as clearly discharged. He is informed by the Attorney, that he is responsible upon both, upon which he pays one and permits- a surplus of $140 to be entered upon the other, admitting his liability.
We cannot say, from this proof, that the payment and admission were made upon full. and ample -knowledge of his discharge from his liability as endorser. The mass of mankind know but little of commercial usage upon commercial paper, and upon questions of liability, have to depend upon legal advice. We, therefore, think it highly probable, that Spurlock’s admission of liability was made upon his confidence in Mr. Goff’s assertion, that he was hable.
That he did not design, as a point of honor, to pay the bill, *338 knowing that he was not liable, is manifest; for in a subsequent conversation with Mr. Goff, he refuses. Upon the whole, we do not think, that the proof in this case warrants the verdict.
Let the judgment be reversed, and the cause remanded for a new trial.